UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALICIA SPEED, ET AL.**                        **CIVIL ACTION**

**VERSUS**                                      **NO. 18-1025-RLB**

**SHERIFF SID J. GAUTREAUX**            **CONSENT**
**SHERIFF EAST BATON ROUGE**
**PARISH, ET AL.**

## ORDER

Before the Court are Sheriff Wydette Williams' Motion to Dismiss Complaint and Amended Complaint (R. Docs. 48) and Sheriff Sid J. Gautreaux's Motion to Dismiss Complaint and First Amended and Supplemental Complaint. (R. Doc. 50). The motions are opposed. (R. Doc. 51). Sheriff Gautreaux filed a Reply. (R. Doc. 56).

Also before the Court is Plaintiffs' Motion to Continue. (R. Doc. 52). Sheriff Gautreaux filed an opposition. (R. Doc. 54)

Also before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (R. Doc. 58). The deadline for filing an opposition has expired. LR 7(f).

**I.**      **Background**

On November 16, 2018, Alicia Speed and Joe Ducre ("Plaintiffs") filed this action on behalf of their deceased brother Brian Ducre ("Ducre"), naming as defendants Sid J. Guatreaux in his official capacity as Sheriff of East Baton Rouge Parish, and Wydette Williams in his official capacity as Sheriff of East Carroll Parish. (R. Doc. 1, "Compl."). Plaintiffs seek recovery under 28 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (Compl. ¶ 2).

Plaintiffs allege that Ducre was arrested by the East Baton Rouge Parish Sheriff's Office on May 14, 2016 for reasons unknown to Plaintiffs. (Compl. ¶ 4). Plaintiffs allege that Ducre was "placed on a transport vehicle and driven to East Carroll Parish Correction Facility" and then, some time later, "transported to the local hospital to receive medical attention." (Compl. ¶ 6). Plaintiffs allege that the next day he was again placed on a transport vehicle, returned to East Baton Rouge Parish, and then transported to a local hospital in Zachary, Louisiana, where he died. (Compl. ¶ 7). Plaintiffs allege that the East Baton Rouge Parish Coroner performed an autopsy on May 17, 2016 determining the cause of death to be homicide. (Compl. ¶ 8). Plaintiffs allege that the autopsy report was signed on July 18, 2016, but was not made available to them until May of 2017. (Compl. ¶ 8). Plaintiffs also allege that they did not receive the death certificate until "sometime after" it was filed on November 16, 2016, and that was the "initial date that the family learned of the manner of death." (Compl. ¶ 9).

It appears that Plaintiffs are asserting that Ducre's protected disability under the ADA was schizophrenia. (Compl. ¶ 4). Plaintiffs allege that Defendants violated Ducre's "constitutional rights" by "acting with deliberate indifference" to his disability, falsely arresting him, and "failing to recognize his condition and placing him in an unsafe environment." (Compl. ¶ 11). Plaintiffs further allege that prior to the filing of this action, Sheriff Gautreaux indicated the fatal injuries occurred in East Carroll Parish and, conversely, Sheriff Williams indicated the fatal injuries occurred in East Baton Rouge Parish. (Compl. ¶ 10).

The Court entered Plaintiffs' First Amended and Supplemental Complaint ("Amended Complaint") into the record on April 15, 2019. (R. Doc. 41). The Amended Complaint adds as defendants unidentified Louisiana State Troopers, unidentified transportation companies and drivers, and unidentified inmates. (R. Doc. 41 at 1). It also states that Ducre "was allegedly

beaten by an unknown inmate or unknown inmates accompanying him" while in the custody of the East Baton Rouge Parish Sheriff's Office, the East Carroll Parish Correctional Facility, or during transport. (R. Doc. 41 at 2). The Amended Complaint asserts that the driver of one of the unknown transportation companies "committed breaches of alleged contracts to transport inmate[s] in a safe condition." (R. Doc. 41 at 2). The Amended Complaint also asserts that the Louisiana State Police "prematurely ended the investigation of Brian Ducre's homicide and failed to disclose of its report and deliver any suspects for possible indictments." (R. Doc. 41 at 3). Finally, the Amended Petition asserts that Defendants violated Ducre's clearly established due process, liberty interest, and equal protection rights under the Fourteenth Amendment to the United States Constitution. (R. Doc. 41 at 3).

On April 30, 2019 and May 3, 2019, Sheriff Williams and Sheriff Gautreaux, respectively, filed motions to dismiss the Complaint and Amended Complaint on the basis that Plaintiffs' claims are time barred, Plaintiffs failed to state a claim against them under Section 1983, and Plaintiffs failed to state a claim against them under the ADA. (R. Docs. 48, 50). In opposition, Plaintiffs argue that the doctrine of *contra non valenum* precludes dismissal based on prescription and that a ten-year prescriptive period applies in light of their breach of contact allegations. (R. Doc. 51). In reply, Sheriff Guatreaux notes that Plaintiffs do not raise any arguments in their opposition with respect to the sufficiency of their Section 1983 and ADA claims. (R. Doc. 56 at 4).

On May 20, 2019, Plaintiffs filed a "Motion to Continue" seeking the opportunity to conduct discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure for the purposes of identifying all parties and factual information to support their claims and to defeat dismissal. (R. Doc. 52). In opposition, Sheriff Gautreaux argues that the defendants are seeking

dismissal pursuant to Rule 12(b)(6), which is based on the sufficiency of the allegations in the pleadings, and not summary judgment pursuant to Rule 56. (R. Doc. 54).

On June 7, 2019, Plaintiffs filed their Motion for Leave to File Second Amended Complaint. (R. Doc. 58). Plaintiffs state that they are seeking amendment to "specifically name Sheriff Gautreaux, in his official capacity as Sheriff of East Baton Rogue Parish and to specifically name Sheriff Wydette Williams, in his official capacity as Sheriff of East Carroll Parish as defendants." (R. Doc. 58 at 1). Plaintiffs further seek to assert that they are seeking "redress under the Americans with Disabilities Act" based on Ducre's diagnosis of schizophrenia "and other mental disabilities." (R. Doc. 58 at 1).

## II. Law and Analysis

### A. Defendants' Motions to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

With respect to claims brought pursuant to 42 U.S.C. § 1983 and under the ADA, a federal court must borrow the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. *See* La. Civ. Code Art. 3456.

Although the applicable limitations period is determined pursuant to state law, the accrual of a cause of action is resolved by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988). "'[T]he limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof.'" *Newman v. Coffin*, 464 Fed. App'x 359, 362 (quoting *Jensen*, 841 F.2d at 606); *see also Frame,* 657 F.3d at 238 ("[T]he rule is that accrual occurs when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.") (footnotes and internal quotation marks omitted). "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the facts forming the basis of his cause of action, . . . not that of the existence of the cause of action itself." *Jensen,* 841 F.2d at 606 (internal quotation marks omitted) (alteration in original).

Consistent with the practice of borrowing state status of limitations, federal courts also look to state law for its tolling provisions. *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1992). Under Louisiana law, "[p]rescription runs against all persons unless exception is established by legislation." La. C.C. art. 3467. Nevertheless, "Louisiana's jurisprudence recognizes a limited exception to codified prescriptions: *Contra non valentem*

5

*agere nulla currit praescriptio, i.e.* prescription does not run against a party who is unable to bring an action." *Burge*, 996 F.2d at 788 (citing *Plaquemines Parish Comm'n Council v. Delta Dev. Co.*, 502 So.2d 1034, 1055-56 (La. 1987)). The Louisiana Supreme Court has recognized four factual situations in which the doctrine of *contra non valentem* applies so as to prevent the running of liberative prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant. *Corsey v. State Dep't of Corrections*, 375 So.2d 1319 (La. 1979). With respect to the fourth situation, the doctrine "will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." *Id*. at 1322.

Plaintiffs concede that they learned of Ducre's death on May 15, 2016. (R. Doc. 51 at 2). They further concede that the autopsy report signed on July 18, 2016 indicates that the death was by homicide. (R. Doc. 51 at 2-3). Although the date upon which the autopsy report was available to Plaintiffs is disputed, there is no dispute that Plaintiffs obtained the autopsy report by May of 2017. (Compl. ¶ 8). Plaintiffs filed the instant action on November 16, 2018, more than one year after Plaintiffs allege they received the autopsy report.

In opposing dismissal, Plaintiffs appear to conflate the third and fourth situations of the doctrine of *contra non valentem*. Plaintiffs argue that Sheriff Williams and Sheriff Gautreaux

suppressed certain information regarding Ducre's death, including delaying the autopsy results and failing to provide an investigative report, which precluded the instant causes of from being "reasonably knowable" to Plaintiffs:

> In this case, the defendants, in their capacities, suppressed and/or refused to provide any information, including the name of the persons on the van, the driver or inmates; they refused to provide any factual information of where the intentional physical attack on Mr. Ducre was performed and why; they refused to give any reason for the arrest of Mr. Ducre; they delayed the autopsy results and have failed to give any investigative report on the incidents preceding the homicide of Brian Ducre and committed other acts that have prevented the plaintiff from knowing the exact causes of action and the particulars of the death. Because of the foregoing the causes of action are not completely known or reasonably knowable to the plaintiff.

(R. Doc. 51 at 4). But even assuming that Sheriff Williams and Sheriff Gautreaux did in fact delay the release of certain information, there is no dispute that Plaintiffs learned on or about May 15, 2016 that their brother died while incarcerated. Furthermore, there is no dispute that by May of 2017, Plaintiffs had reviewed the autopsy report indicating that Ducre's cause of death was homicide. Plaintiffs also assert that at some point before the commencement of this action, they sought specific information regarding Ducre's death from Sheriff Williams and Sheriff Gautreaux (though it is unclear when and how such requests were made).

Having reviewed the pleadings, the Court concludes that Plaintiffs' causes of action against Sheriff Williams and Sheriff Gautreaux were reasonably knowable at the time Plaintiffs received the autopsy report. At the latest, their causes of action under Section 1983 and the ADA began to accrue when they became aware that Ducre's death was by homicide while incarcerated. It was at that point that Plaintiffs had the requisite knowledge of the facts forming the basis for their causes of action based on Ducre's death. *See Jensen*, 841 F.2d at 606. The doctrine of *contra non valentem* is not applicable because Plaintiffs could have ascertained the

7

causes of action alleged in the Complaint with reasonable diligence upon receipt of the autopsy report.

Plaintiffs make vague references to obtaining a copy of a death certificate after Ducre's death, but make no allegations regarding whether it was obtained prior to, or after, receipt of the autopsy report, and how any information on the death certificate was a predicate for the filing of the instant action. Having obtained information that Ducre's death was a result of a homicide while in the custody, Plaintiffs had sufficient information to surmise that Ducre's death occurred while in the custody of East Baton Rouge Parish Sheriff's Office, the East Carroll Parish Correctional Facility, or during transport.

Based on the foregoing, the Court finds that Plaintiffs' claims against Sheriff Williams and Sheriff Gautreaux are time-barred and subject to dismissal. Plaintiffs' allegations of breach of contract with respect to certain unnamed transport drivers has no bearing on the foregoing analysis.

### B. Plaintiffs' Motion to Continue

Plaintiffs' Motion to Continue seeks discovery under Rule 56(d) of the Federal Rules of Civil Procedure. Defendants seek dismissal pursuant to Rule 12(b)(6), not summary judgment pursuant to Rule 56. As discussed above, the Court will dismiss Plaintiffs' claims against Sheriff Williams and Sheriff Gautreaux on the basis that they are time-barred in light of the allegations in the Complaint. The Court need finds no basis for converting Defendants' motions to dismiss into motions for summary judgment. Furthermore, the Court has not stayed discovery in this action pending resolution of the motions to dismiss. It is therefore unclear why Plaintiffs could not obtain discovery with respect to their claims prior to the instant ruling. Based on the foregoing, the Court will deny Plaintiffs' Motion to Continue.

**C. Plaintiffs' Motion for Leave to File Second Amended Complaint**

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Plaintiffs' proposed amendments do not allege any additional facts that would affect the date this action began to accrue (such as a new date on which Plaintiffs received the autopsy

report). Accordingly, the Court will deny amendment on the basis of futility as Plaintiffs claims remain time-barred.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Sheriff Wydette Williams' Motion to Dismiss (R. Docs. 48) and Sheriff Sid J. Gautreaux's Motion to Dismiss (R. Doc. 50) are **GRANTED**. Plaintiffs' claims against Sheriff Williams and Sheriff Gautreaux are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue (R. Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (R. Doc. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this Order, Plaintiff shall show cause, in writing, why his claims asserted against the remaining defendants should not be dismissed because of her failure to serve these defendants within the time allowed by Fed. R. Civ. P. Rule 4(m) or otherwise allowed by the Court.[1] Plaintiffs are advised that a failure to file a written response to this Order within the time allowed may result in the dismissal of her claims against the remaining defendants without further notice from the Court.

Signed in Baton Rouge, Louisiana, on August 26, 2019.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] It also appears unlikely that any such claims would not also be prescribed for the reasons set forth above.